## INGALLS *v.* SAVAGE.

A plea of bankruptcy, under the act of Congress of. 1841, averring that the party was decreed, and became a bankrupt after the cause of action accrued, is bad, for want of an averment of a decree of discharge and certificate.

IN error from the Common Pleas of Jefferson county.

*Oct.* 16.    On the 19th of April, 1842, the plaintiff below brought an action on a judgment recovered in the District Court of Bangor, Maine, on the 13th of February, 1840, in an action of assumpsit. To this the defendant pleaded, and afterwards filed an amended plea, which was a repetition of the original plea, with such averments as are here contained between brackets. · That " after making the said supposed promises and indebtedness in the said declaration mentioned, to wit, (on the 22d of June, 1842, he the said defend-

ant presented and filed his petition in the District Court of the United States, then holden, &c., at Pittsburgh, for the benefit of an act of Congress, entitled, &c., and it appearing to the said court, that the said petition was in conformity to said act, he, the said defendant, was in pursuance thereof,) on the 3d of December, 1843, by the said court was declared and became bankrupt, within the true intent and meaning of the act of Congress aforesaid, concerning bankrupts, to wit, at, &c., and that the said causes of action, if any such there be, and each of them, did accrue to the said plaintiff before the said defendant (presented and filed his petition aforesaid, and) so (was declared and) became a bankrupt, at," &c., with conclusion to the country.

The plaintiff demurred generally, defendant joined therein, and judgment was given for the plaintiff.

The error assigned was, "the court erred in rendering judgment on the demurrer, &c., the plea being sufficiently certain to a common intent," &c.

*Clarke*, for plaintiff in error.—The discharge under the act of 1841, as a bankrupt, discharged the debt. The plea is a sufficient averment of that. 3 Chitty's Pl. 912, n. The amended plea is sufficiently certain under the precedents. 3 Penna. Black. 246; 2 Whart. 253; 9 Watts, 149; 4 Rawle, 83. Certainty, to a common intent, is all that is required; the amended plea avers he was declared a bankrupt, and then, that he became a bankrupt; and how a man can become a bankrupt without being discharged, is not easily explained.

*Jenks*, contra.—Bankruptcy must be specially pleaded, and since an action may be maintained until the discharge, (1 Chitty's Pl. 60,) the fact and date of the discharge are essential averments.

*Oct.* 22.   COULTER, J.—The defendant below pleaded, that after making the several promises, &c., mentioned in the plaintiff's declaration, he applied by petition to the District Court of the United States for the western district of Pennsylvania, at Pittsburgh, for the benefit of an act of Congress, entitled an act establishing a uniform system of bankruptcy throughout the United States, passed the 19th of August, 1841, and that his petition being in conformity to that act, he was in pursuance thereof, on the 3d of December, 1843, by the said court declared, and he became a bankrupt within the true intent and meaning of the act of Congress aforesaid. To which plea the plaintiff demurred, and the defendants joined in demurrer.

I wish to deliver this case at the outset, from an argument of the counsel for the plaintiff in error, drawn from the fact, that under the English statutes of bankruptcy, a plea, of which the foregoing is nearly a transcript, has been used. That is true. But it is used only when the bankruptcy occurred, and was declared before the institution of the suit. By the act of 5 George 2, chap. 30, the plea is given. The statute provides, that when the bankrupt shall afterwards be arrested for any debt becoming due *after he became a bankrupt*, he shall be discharged on common bail, and shall and may plead *in general* that the cause of action did accrue before such time as he became bankrupt, and may give this act and the special matter in evidence. In 6 East, Rep. 415, a general plea, such as that adopted in this case, was held good, because the bankruptcy had occurred before the bringing of suit; Lord Ellenborough, however, when he delivered the judgment of the court, said, that if he could discover, from any part of this record, that the bankruptcy had occurred after the commencement of the suit, he would hold the plea bad. When the bankruptcy occurs after the commencement of the suit, the form of pleading in England is to set out the whole record. 3 Chitty, 913. The force of the general plea contained in Chitty, as a precedent, is, therefore, in this case, wasted of its strength, inasmuch as the bankruptcy averred in the plea was declared on the 3d of December, 1843, and the suit instituted on the 19th of April, 1842.

Our statute differs materially from the English revised statute. By the latter, *all proceedings* in commissions of bankruptcy are to be entered of record, as a perpetual bar against actions to be commenced on that account. Though, in general, the productions of the certificate of the creditors properly allowed will be sufficient evidence of all previous proceedings. There is no decree of discharge made by the court, nothing but a certificate of four-fifths in number and value of his creditors, that he hath conformed in all points to the directions of the law. This document is authenticated by the commissioners, and allowed by the Lord Chancellor. But by express provision of the statute, it is the record of the whole proceedings which makes him a new man, and is a perpetual bar to after suits.

By our statute, there is a decree of bankruptcy made by the court in the first instance. This vests the property of the applicant in his assignees, but has no effect in wiping out debts. There is a second and final decree, which cannot be made until the lapse of ninety days from the first. This is a decree of discharge from all his debts,

and cannot be made if a majority in number and value of his creditors object, nor unless he has conformed to all the provisions of the act. The discharge so decreed, and the certificate thereof granted by the court, shall by provision of the statute, in all courts of justice, be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt which are provable under the act ; and shall and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever, unless impeached for fraud, &c.

Thus is the path plainly and distinctly marked for the courts ; and it would be useless and unwise to wander either to the right or to the left.

The liberation of the bankrupt from all debts and engagements, which is accomplished by the act, is an artificial discharge merely, and in most cases without any equivalent or actual payment ; there exists, therefore, no meritorious reason for extending it beyond the exact confines of the law. The court has not power to loosen where the statute permits him to remain bound.

As the demurrer to the plea is a general demurrer ; if the fact on which the statutory discharge depends, that is, the decree of the court, had been substantially set forth, the court would have overlooked mere matters of form. But not even a shadow of the discharge and certificate can be discerned in its averments. Indeed, for aught that appears, the discharge and certificate may never have been granted, because the averment of the plea, that the defendant became and was declared a bankrupt, is fully satisfied by the first decree, which is a decree of bankruptcy. A plea is taken most strongly against the pleader, because he is presumed to know the strength and point of his case, and to omit nothing which would meritoriously or legally strengthen his defence. The defendant did not plead a discharge and certificate according to the act of Congress ; judgment was therefore properly rendered against him by the court below.        Judgment affirmed.